UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                    Case No. 1:15-cr-211

CORNELIUS COOK-BEY,                Hon. Hala Y. Jarbou

    Defendant.
_____/

## ORDER

In a judgment entered on June 8, 2016, this Court sentenced Defendant to a prison term of 60 months, followed by three years supervised release, running from December 20, 2019, as well as restitution in the amount of $3,729.00. (*See* J., ECF No. 21.) Before the Court is Defendant's Pro Se Motion for "Early Parole," in letter format (Def.'s Mot., ECF No. 26). Contrary to what he states in his motion, Defendant was not sentenced to parole but supervised release.

Defendant contends that he has paid his restitution, would like to join his probation officer's mentor team, and serves as a recovery coach for Lifeline Ministries in Holland, Michigan. (Def.'s Mot., PageID.114.) The government, through the U.S. Probation Office, has verified Defendant's good conduct and has indicated it does not object to early termination. (ECF No. 28, PageID.128.) Defendant's term of supervised release is set to expire on December 19, 2022, and his restitution has been paid in full.

Defendant has served approximately 26 months of his 36-month term of supervised release. Defendant was not sentenced to a mandatory term of supervised release, but even where a court is required to issue a minimum term of supervised release, it still has "discretionary authority" to

terminate it after one year under § 3583(e)(1).  *See United States v. Spinelle*, 41 F.3d 1056, 1060 (6th Cir. 1994) (noting that "the sentencing phase is different than post-sentence modification").

A Court can terminate a term of supervised release after considering the factors in 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), if the Court finds that such action is "warranted by the conduct of the defendant released and the interest of justice."  18 U.S.C. § 3583(e)(1).  These factors include the nature and circumstances of the offense and the history and characteristics of the defendant, whether the sentence imposed afforded adequate deterrence to criminal conduct, any need to provide the defendant with training, medical or other correctional treatment, the sentence imposed and the sentence range, the need to avoid sentence disparities, and restitution to victims.  The decision to terminate the remaining term of supervised release falls within the Court's discretion.  *Spinelle*, 41 F.3d at 1059.

As the moving party, the defendant bears the burden of establishing a basis for early termination of supervised release.  *United States v. Weber*, 451 F.3d 552, 559 (9th Cir. 2006).  Compliance with the terms and conditions of supervised release is necessary but not a sufficient reason for a court to grant a motion for early termination.  *See United States v. Seger*, 577 F. App'x 1, 1 (1st Cir. 2014) (per curiam); *United States v. Sam*, No. 16cr184, 2018 WL 836055, at *1 (S.D.N.Y. Feb. 12, 2018).  Normally, "a defendant must show something 'of an unusual or extraordinary nature' in addition to full compliance."  *United States v. Etheridge*, 999 F. Supp. 2d 192, 196 (D.D.C. 2013) (quoting *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003)).

The statute itself requires an assessment of both "the conduct of the defendant" on supervision, and "the interest of justice."  18 U.S.C. § 3583(e).  *See also United States v. Suber*, 75 F. App'x 442, 443-44 (6th Cir. 2003).  The Court must consider again the Section 3553 factors weighed at the original sentencing decision.  *Id.*

After considering the relevant factors, the Court finds that termination of supervised release is "warranted by the conduct of the defendant released and the interest of justice."  18 USC § 3583(e)(1).  Compliance with the terms of supervision, paying restitution, and being involved in the community are positives that are their own reward but not a basis for early termination. However, Defendant has identified changes of circumstances weighing in favor of early termination, namely the ability to travel without restriction in order to work more with people in the criminal justice system and to help those who are struggling in the system.

Accordingly,

**IT IS ORDERED** that Defendant's pro se motion for early termination of supervised release (ECF No. 26) is **GRANTED**.

Date:   March 1, 2022                              /s/ Hala Y. Jarbou
                                                   HALA Y. JARBOU
                                                   UNITED STATES DISTRICT JUDGE